Raul Santos TIAMZON, et al., Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICES, Respondent.

No. 01–71053.

INS Nos. A70–501–067, A70–501–068, A70–501–070.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Aug. 13, 2002.

---

232

Before HUG, FARRIS and SILVERMAN, Circuit Judges.

### MEMORANDUM *

Raul Santos Tiamzon and Myrna De Guzman Tiamzon,[1] natives and citizens of the Phillippines, ask us to grant their petition for review of a decision by the Board of Immigration Appeals denying their request for political asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h) (1994).[2] Mr. Tiamzon contends that the evidence he presented to the Immigration Judge compels the conclusion that he has a well-founded fear of being persecuted on account of his political opinion by the New Peoples Army should he be required to return to the Philippines, and that he has carried his burden of demonstrating that he is a refugee within the meaning of INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). We deny the Tiamzons' petition.

We review for substantial evidence the BIA's denial of his claims. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). We may reverse the BIA only if the evidence in the record *compels* a contrary result. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). An applicant for asylum or withholding of deportation bears the evidentiary burdens of proof and persuasion. *See id.* at 483–84.

To be eligible for asylum, an alien must show: (1) he was persecuted in the past on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) he has a well-founded fear of future persecution in a particular country on account of any of the same grounds. 8 C.F.R. § 208.13(b). If past persecution is established, a rebuttable presumption arises that the applicant also has a well-founded fear of future persecution. *Id.* § 208.13(b)(1).

The record refutes Mr. Tiamzon's contention that he has suffered, and has a well-founded fear of suffering, the same kind of persecution on account of political opinion as the petitioners in *Borja v. INS,* 175 F.3d 732 (9th Cir.1999) (en banc), and *Briones v. INS,* 175 F.3d 727 (9th Cir. 1999) (en banc). In *Borja* and *Briones,* both the political opinion of the petitioners and the persecution on the basis of it were identifiable. In contrast, the record before us not only fails to show a political motive on the part of Mr. Tiamzon, but also fails to suggest that the NPA considered Mr.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Ms. Tiamzon has no independent knowledge of the events leading to their asylum and withholding of deportation claims. For that reason, her request for relief is derivative of her husband's request.

2. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), provides that its amendments to the INA generally do not apply to aliens, such as the Tiamzons, who were in deportation and exclusion proceedings commenced before April 1, 1997. IIRIRA § 309(c).

Tiamzon to be opposed to their political program.

A petitioner "cannot simply prove that there exists a generalized or random possibility of persecution in his native country; he must show that he is at particular risk—that his 'predicament is appreciably different from the dangers faced by [his] fellow citizens.'" *Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir.1994) (quoting *Vides–Vides v. INS*, 783 F.2d 1463, 1469 (9th Cir.1986)). The IJ and the BIA reviewed Mr. Tiamzon's claims in light of the State Department's 1994 Profile of Asylum Claims and Country Conditions regarding the Philippines. The Profile notes that "in most instances the NPA's objective is to take advantage of the applicant's financial resources; the NPA is not concerned by the political opinion of its intended victim but is rather interested in the victim's wealth." Here, the NPA sought to take advantage of Mr. Tiamzon's financial resources—his access to and influence over wealthy patrons of the cock pit business—and evinced no interest in his political opinion.

Substantial evidence supports the BIA's denial of the Tiamzons' asylum application. Since the asylum standard of "well-founded fear" is more lenient than the withholding of deportation standard of "clear probability," Mr. Tiamzon's failure to establish eligibility for asylum also forecloses the Tiamzons' eligibility for withholding of deportation. *See Ghaly*, 58 F.3d at 1429.

**PETITION DENIED**

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.